IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22cv80852

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

  Plaintiff,

v.

STR8 REAL ESTATE COMPANY and
ANTHONY L. PIZZARELLI,

  Defendants.

_____

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Str8 Real Estate Company ("Str8"), and Anthony L. Pizzarelli ("Pizzarelli"), (collectively referred to as the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Str8 is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida at 224 Datura Street, Suite #1109, West Palm Beach, Florida 33401. Str8's agent for service is Anthony Pizzarelli, 224 Datura Street, Suite #1109, West Palm Beach, Florida 33401.

3. Pizzarelli is an individual who is a citizen of Florida residing in Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Further, since at least 2013, Str8 has operated a real estate business in this State and been licensed to do business in this State. Further, Pizzarelli is a licensed realtor/broker in this State since 1999 and, upon information and belief, owns real property in the jurisdiction.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

**FACTS**

**I.    Plaintiff's Business and History**

7. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

8. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

9. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of

consumer drone technology came to market.

10. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

11. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

12. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

13. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.    The Work at Issue in this Lawsuit**

14. In 2012, Plaintiff created a photograph titled "23 N Beach Rd Jupiter Island aerial

2012 AAP, Dec. 5, 2012" (the "<u>Work</u>"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2012 all rights reserved." A copy of the Work is exhibited below.



15. The Work was registered by Plaintiff with the Register of Copyrights on July 23, 2015 and was assigned Registration No. VA 1-967-114. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

16. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

III. **Defendants' Unlawful Activities**

17. Str8 is a real estate agency in Palm Beach County, Florida wholly owned by

Pizzarelli who is himself a real estate agent/broker.

18. Pizzarelli is the President and, upon information and belief, sole shareholder of Str8. Pizzarelli has exclusive control over the business activities of Str8, including but not limited to the infringing activities that are the subject of this lawsuit.

19. Str8 primarily advertises/markets its services through its website (https://str8realestate.com/), social media (e.g. https://www.facebook.com/str8realestate/), and other forms of advertising.

20. On a date after the Work was registered, Str8 published the Work on its website (at https://str8realestate.com/anthony-pizzarelli/) in connection with attempts to solicit real estate sellers and/or buyers:



21. A true and correct copy of screenshots of the aforementioned website, displaying the Work, is attached hereto as **Exhibit "B."**

22. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their

website or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendants on notice that the Work was not intended for public use.

23. Defendants utilized the Work for commercial use – namely, in connection with the marketing of Defendants' real estate services.

24. Upon information and belief, Defendants located a copy of the Work on the internet (most likely associated with a prior MLS listing for a real estate agency that did contract with Plaintiff) and, rather than contact Plaintiff to secure a license, simply copied the Work for use in marketing their own real estate services.

25. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in February 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, however, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

26. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Str8)

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Str8 had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

31. Str8 reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

32. By its actions, Str8 infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

33. Str8's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Pizzarelli, as a real estate broker/agent since 1999, clearly understands that high-end aerial photography is not generally available for free or that such can simply be copied from the internet/some other broker's MLS listing. Str8's willfulness is further demonstrated by the fact that, when confronted with the subject infringement, Pizzarelli became irate, denied that the Work was ever published on Str8's website, and when told that screenshots of such infringement were previously captured, simply stated 'go ahead and sue me' before hanging up the phone.

34. Plaintiff has been damaged as a direct and proximate result of Str8's infringement.

35. Plaintiff is entitled to recover its actual damages resulting from Str8's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Str8's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees because of Str8's conduct.

38. Str8's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Str8 as follows:

a. A declaration that Str8 has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Str8, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Str8, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT**
### **(Pizzarelli)**

39. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

40. As evidenced above, Str8 infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

41. As the President and sole shareholder of Str8, Pizzarelli has the right and ability to control the infringing acts of Str8, yet declined or failed to stop Str8 from engaging in its infringing activity.

42. Pizzarelli obtained a direct financial benefit from Str8's infringing activities. As the President and sole shareholder of Str8, Pizzarelli receives profit distributions therefrom and, upon information and belief, pays himself a salary therefrom.

43. As a direct and proximate result of Pizzarelli's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement."); LaTele TV C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 43488, at *32 (S.D. Fla. Mar. 26, 2013) ("[P]leading facts sufficient to pierce the corporate veil is not required in order to state a cause of action for vicarious copyright infringement.").

**WHEREFORE**, Plaintiff demands judgment against Pizzarelli as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Pizzarelli, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Pizzarelli, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: June 9, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-967-114**

**Effective Date of Registration:**
July 23, 2015

## Title

**Title of Work:** Group Registration Photos, Selected 2012 Photographs Including Bears Club, Excelsior, Jupiter Island, Lost Tree Village, Ritz Carlton and Others A, published Jan. 6, 2012 to Dec. 22, 2012; 80 photos

**Content Title:** Jupiter Lighthouse sunshine 2012 AAP, Jan. 6, 2012; Carlyle Tequesta aerial A 2012 AAP, Jan. 6, 2012; Downtown at the Gardens night 2012 AAP, Feb. 1, 2012; Marina Grande Singer Is pano 2012 AAP, Feb. 29, 2012; Tiara Singer Island a 2012 AAP, Feb. 29, 2012; Lost Tree Village golf a, Mar. 10, 2012; Excelsior Boca Raton aerial a 2012 AAP, Mar. 17, 2012; Aegean Boca Raton aerial a 2012 AAP, Mar. 17, 2012; Athena Boca Raton aerial a 2012 AAP, Mar. 17, 2012; Ocean Club Boca Raton aerial a 2012 AAP, Mar. 17, 2012; San Remo Boca Raton aerial a 2012 AAP, Mar. 17, 2012; Admiral's Walk Boca Raton aerial a 2012 AAP, Mar. 17, 2012; Dalton Place Highland Beach aerial 2012 AAP, Mar. 17, 2012; Trafalgar Highland Beach aerial a 2012 AAP, Mar. 17, 2012; Clarendon Highland Beach aerial a 2012 AAP, Mar. 17, 2012; 1920 S Ocean Blvd night loggia 2012 AAP, 2012; Marina Gardens PB Gardens aerial 2012 AAP, Mar. 26, 2012; Singer Island aerial pano a 2012 AAP, Mar. 26, 2012; Cote De La Mer aerial z 2012 AAP, Mar. 26, 2012; Town of Ocean Ridge sign a 2012 AAP, Apr. 24, 2012; Mariah off Singer Island 2012 AAP, May 27, 2012; Marina Gardens pool aerial 2012 AAP, Jun. 3, 2012; River Ridge Tequesta playground 2012 AAP, Jun. 18, 2012; River Ridge Tequesta tennis 2012 AAP, Jun. 18, 2012; River Ridge Tequesta entrance 2012 AAP, Jun. 18, 2012;

Clematis West Palm by Night 2012 AAP, Jun. 26, 2012; Marina at the Bluffs aerial a 2012 AAP, Jun. 28, 2012; 176 Bears Club Dr night pool A 2012 AAP, Jun. 28, 2012; Villas on the Ocean Singer Island 2012 AAP, Jul. 10, 2012; Parasailing PB County 2012 AAP, Jul. 10, 2012; Marina Grande with boat 2012 AAP, Jul. 29, 2012; Martinique Singer Island sailboats 2012 AAP, Jul. 29, 2012; Ritz Carlton Singer Island sailboats 2012 AAP, Jul. 29, 2012; Seawinds of Singer Island a 2012 AAP, Jul. 29, 2012; Ritz Singer Island Theater AAP 2012, Aug. 2, 2012; 177 Queens Lane aerial 2012 AAP, Aug. 14, 2012; 550 S Ocean Blvd pool a 2012 AAP, Aug. 19, 2012; 12215 Tillinghast Cir hall 2012 AAP, Aug. 29, 2012; 3221 Winding Way night front 2012 AAP, Aug. 31, 2012; Excelsior Boca Raton aerial c 2012 AAP, Sept. 3, 2012; Excelsior Boca Raton aerial b 2012 AAP, Sept. 3, 2012; 210 Sunset Dr WPB entrance 2012 AAP, Sept. 4, 2012; Marina Grande tennis a 2012 AAP, Sept. 24, 2012; Marina Grande tennis b 2012 AAP, Sept. 24, 2012; Marina Grande card room 2012 AAP, Sept. 24, 2012; Marina Grande pool 2012 AAP, Sept. 24, 2012; Slade Building West Palm pool a 2012 AAP, Sept. 28, 2012; Slade Building West Palm lobby a 2012 AAP, Sept. 28, 2012; Boating in Boca Raton b 2012 AAP, Sept. 30, 2012; Boating in Boca Raton a 2012 AAP, Sept. 30, 2012; 200 East Building Boca Raton aerial 2012 AAP, Sept. 30, 2012; Biltmore and WPB

Page 1 of 2



Skyline aerial 2012 AAP, Oct. 6, 2012;

Sailfish Point aerial pano a 2012 AAP, Oct. 31, 2012; Pelican Resort Villas Hutchinson insert 2012 AAP, Oct. 31, 2012; Sailfish Point aerial pano b 2012 AAP, Oct. 31, 2012; Sailfish Point aerial pano c 2012 AAP, Oct. 31, 2012; Sea Oat of Juno Beach aerial a 2012 AAP, Oct. 31, 2012; 11147 Old Harbour Rd pool night 2012 AAP, Nov. 2, 2012; Ritz Carlton Singer lobby C 2012 AAP, Nov. 5, 2012; Blue Heron II and Jupiter Lighthouse 2012 AAP, Nov. 9, 2012; 2770 Building Palm Beach aerial a 2012 AAP, Nov. 25, 2012; Downtown West Palm Beach sunset pano 2012 AAP, Nov. 25, 2012; 2770 Building Palm Beach lobby 2012 AAP, Nov. 26, 2012; 2770 Building Palm Beach pool b 2012 AAP, Nov. 26, 2012; 2770 Building Palm Beach pool a 2012 AAP, Nov. 26, 2012; 2770 Building Palm Beach billiard room 2012 AAP, Nov. 26, 2012; 2770 Building Palm Beach fitness room 2012 AAP, Nov. 26, 2012; Loxahatchee Club entrance sign at night 2012 AAP, Nov. 30, 2012; 477 South Beach Rd aerial a 2012 AAP, Dec. 5, 2012; 23 N Beach Rd Jupiter Island aerial 2012 AAP, Dec. 5, 2012; Loxahatchee River aerial 2012 AAP, Dec. 5, 2012; Admirals Cove Enterance 2012 AAP, Dec. 6, 2012; Sea Oats Juno front sign 2012 AAP, Dec. 14, 2012; Jupiter Island Church B 2012 AAP, Dec. 15, 2012; Jupiter Island Church A 2012 AAP, Dec. 15, 2012; Jupiter Island Church C 2012 AAP, Dec. 15, 2012; Lost Tree Clubhouse A 2012 AAP, Dec. 15, 2012; Village of Golf aerial a 2012 AAP, Dec. 22, 2012; Royal Poinciana Chapel Fountains 2012 AAP, Dec. 22, 2012; Palm Beach Kapok Tree at night 2012 AAP, Dec. 22, 2012;

## Completion/Publication

| | |
|---|---|
| Year of Completion: | 2012 |
| Date of 1st Publication: | January 06, 2012 |
| Nation of 1st Publication: | United States |

## Author

| | |
|---|---|
| Author: | AFFORDABLE AERIAL PHOTOGRAPHY, INC. |
| Author Created: | photograph |
| Work made for hire: | Yes |
| Citizen of: | United States |

## Copyright Claimant

| | |
|---|---|
| Copyright Claimant: | AFFORDABLE AERIAL PHOTOGRAPHY, INC. 1123 Melinda Ln, Haverhill, FL, 3417 |

## Certification

| | |
|---|---|
| Name: | Robert Stevens |
| Date: | July 22, 2015 |

| | |
|---|---|
| Copyright Office notes: | Basis for Registration: Registered as a group of published phtotographs |

EXHIBIT "B"



Home › Anthony L. Pizzarelli

# Anthony L. Pizzarelli

Anthony L. Pizzarelli is the owner and broker of record for West Palm Beach Florida based Str8 ReaL estate Company.



**Featured**



Str8 R.E. co.
$398,900
1801 N Flagler Dr, West Palm B...

**Discover**

› Commercial
› Residential
› Recomended



Str8 R.E. co.

2013 – 2022

*LiVE UPD8