UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80852-CIV-CANNON

**AFFORDABLE AERIAL
PHOTOGRAPHY, INC.**,

    Plaintiff,

v.

**STR8 REAL ESTATE COMPANY**
and **ANTHONY L. PIZZARELLI**,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court upon Plaintiff Affordable Aerial Photography, Inc.'s Motion for Default Final Judgment Against Defendants Str8 Real Estate Company and Anthony I. Pizzarelli (the "Motion") [ECF No. 19], filed on October 20, 2022. Plaintiff seeks entry of a permanent injunction as well as $30,000.00 in statutory damages for copyright infringement arising from Defendants' unauthorized use of a single photograph owned by Plaintiff. Plaintiff arrives at that sizable figure by stating that Plaintiff typically charges its clients a licensing fee at a price of $1,500.00 per year, per photograph, which, based on the three years of alleged licensing fees at issue in this case results in a total amount of $4,500.00 [ECF No. 19 pp. 11–12]. Plaintiff then suggests that its damages are higher than $4,500.00 because "Defendants' inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages" [ECF No. 19 p. 12 (referencing disgorgement of profits under 17 U.S.C. § 504(b))]. For that reason, Plaintiff seeks "an award of statutory damages for Defendants' willful infringement," which plaintiff calculates as four times

his actual damages [ECF No. 19 pp. 12–13 (seeking $30,000 in willful statutory damages but requesting a four-times multiplier of actual damages ($4,500), which would amount to $18,000)]. [ECF No. 19 p. 14]. And to support his claim for a finding of "willfulness" under 17 U.S.C. § 504(c)(2), Plaintiff says Defendant's conduct was "willful" because, once Plaintiff notified Defendant of its infringement pre-lawsuit, Defendant refused to pay a licensing fee and did not appear in this action [ECF No. 19 p. 10]. The Complaint does not allege that the subject Photograph remains on Defendants' website, referring instead to past infringement [ECF No. 1 ¶ 25].

Federal Rule of Civil Procedure 55 affords the Court discretion to take appropriate steps when considering a motion for default judgment in order to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Although the well-pled allegations in a complaint relating to liability are taken as true upon default, "those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *accord Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing cases).

Here, the Motion in its current form does not provide an adequate basis for the Court to award the proposed $30,000 damages figure. The Motion is accompanied by a declaration of Plaintiff's founder and principal photographer, Robert Stevens, who avers that "[t]he typical range of fees I would charge for the type of non-exclusive commercial use involved in this lawsuit . . . is approximately $1,500 per year" [ECF No. 19-1 ¶ 15]. Stevens's declaration further asserts that "[t]he Work is scarce not only due to its high quality but also the unique techniques applied to achieve such amazing results," specifically noting techniques such as: renting a helicopter from a

trustworthy and certified pilot, monitoring the weather, photographing with the helicopter doors open, and directing the pilot on how to approach the property so he could capture the right angle [ECF No. 19-1 ¶ 12, 13, 14]. This evidence, which merely refers to Plaintiff's general business practices, is insufficient to establish that $4,500 is the "fair market value" of a single use of the subject work. *See Leonard v. Stemtech Intl. Inc*, 834 F.3d 376, 390 (3d Cir. 2016) (stating that actual damages under 17 U.S.C. § 504(b) "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer"); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017) (holding that a "single affidavit from [the plaintiff's] CEO relying on a dubious extrapolation from limited sales data" was not sufficient for the district court to make a fully informed determination of damages). Nor does Plaintiff explain how Plaintiff arrives at a $30,000 figure using a 4-times multiplier of $4,500 [ECF No. 19 p. 14].

Furthermore, it is not clear to the Court that Defendants' actions were "willful" within the meaning of 17 U.S.C. § 504(c)(2). The Eleventh Circuit had stated that willfulness under the Copyright Act "means that the defendant knows his actions constitute an infringement; the actions need not have been malicious." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015) (quoting *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990)) (internal quotation marks omitted). Plaintiff's sole argument on willfulness is that Plaintiff notified Defendants of the infringement pre-lawsuit and that Defendants refused to pay a reasonable licensing fee or participate in this litigation [ECF No. 19 p. 10]. This theory merely establishes that Defendants knew they were infringing *after* the infringement had already occurred. It does not establish that Defendants knew their actions constituted an infringement at the time the copying occurred, and notably, the Complaint indicates that Defendants removed the

CASE NO. 22-80852-CIV-CANNON

photograph from the website after Plaintiff's notification [ECF No. 1 ¶ 25 (alleging that Plaintiff has been unable to negotiate a license fee for the "past infringement")].

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment Against Defendants Str8 Real Estate Company and Anthony L. Pizzarelli [ECF No. 19] is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff may file a revised motion for default final judgment, but any such motion must contain particularized support in the form of affidavits, reports, or other documents to justify what currently appears to be an excessive calculation of damages by Plaintiff.

3. Following receipt of a revised motion for default final judgment, the Court will take the request under advisement and proceed accordingly under Rule 55(b)(2).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of December 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record