UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80852-CIV-CANNON

**AFFORDABLE AERIAL
PHOTOGRAPHY, INC.**,

      Plaintiff,
v.

**STR8 REAL ESTATE COMPANY**
and **ANTHONY L. PIZZARELLI**,

      Defendants.
_____/

## ORDER GRANTING IN PART RENEWED MOTION FOR DEFAULT JUDGMENT AND ENTERING PERMANENT INJUNCTION

**THIS CAUSE** comes before the court upon Plaintiff's Renewed Motion for Default Final Judgment [ECF No. 22], filed on February 3, 2023. The Court previously denied without prejudice Plaintiff's initial Motion for Final Default Judgment because the Court determined that the amount of damages sought by Plaintiff—$30,000—was not justified on the record presented [ECF No. 20]. Specifically, the Court determined that the record indicates that Defendants' copying of Plaintiff's image was not willful as evidenced by Defendants' removal of the infringing photograph upon notification from Plaintiff's counsel [ECF No. 20 p. 3]. Thus, the Court determined that Plaintiff was not entitled to statutory damages in excess of its actual damages of $4,500—$1,500 in lost licensing fees per year multiplied by three years [ECF No. 20 pp. 3–4].

Plaintiff's Renewed Motion for Default Judgment again urges the Court to find willful copying so that Plaintiff may recovery statutory damages [ECF No. 22 pp. 10–15]. In support of this argument, Plaintiff relies on other courts' determinations that a district court *may* infer willful copying simply by a party's default [ECF No. 22 pp. 10–15]. Plaintiff concedes, however, that

"[t]he Court is not *required* to infer Defendants' [willfulness] by virtue of their default" [ECF No. 22 p. 14 (italics in original)]. The Court declines to find willfulness for the same reasons discussed in its prior Order [ECF No. 20], namely that Defendants removed the infringing photograph upon Plaintiff's counsel contacting them [ECF No. 20 p. 3]. The Court also declines to assess a supposed "scarcity multiplier" to Plaintiff's damages for the same reasons discussed in the Court's prior Order [ECF No. 20 p. 3]. As Plaintiff concedes in the present Motion, he would have charged approximately $1,500 a year in licensing fees had Defendants requested to use the copyrighted work, and the Court operates within its discretion to award damages ranging from $750 to $150,000 [ECF No. 22 pp. 16, 19]. In this case, upon full review of the record, the Court determines that the appropriate measure of damages is Plaintiff's lost licensing fees for three years, totaling $4,500.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Renewed Motion for Default Judgment [ECF No. 22] is **GRANTED IN PART AND DENIED IN PART**.

2. Judgment is entered in favor of Plaintiff and against Defendant Str8 Real Estate Company on Count I of Plaintiff's Complaint [ECF No. 1 ¶¶ 27–38].

3. Judgment is entered in favor of Plaintiff and against Defendant Anthony L. Pizzarelli on Count II of Plaintiff's Complaint [ECF No. 1 ¶¶ 39–43].

4. Plaintiff is awarded damages in the amount of $4,500.

5. The Court makes no determination on Plaintiff's general request that "the Court find that Plaintiff is entitled to recover its reasonable attorneys' fees (subject to a further timely-filed motion fixing the amount of such fees)" [ECF No. 22 p. 20].

CASE NO. 22-80852-CIV-CANNON

6. Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant are permanently enjoined from:

   a. Directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and

   b. Directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

7. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of March 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record